IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARK RESPLER, Derivatively on )
Behalf of MAGNUM HUNTER )
RESOURCES CORP., )
)
     Plaintiff, )
)
v. )    Civ. No. 13-1097-SLR
)
GARY C. EVANS, J. RALEIGH )
BAILES, BRAD BYNUM, VICTOR )
CARRILLO, STEPHEN C. HURLEY, )
JOE L. MCCLAUGHERTY, RON )
ORMAND, STEVEN PFEIFER, JEFF )
SWANSON, FRED J. SMITH and )
DAVID KREUGER, )
)
     Defendants, )
)
     and )
)
MAGNUM HUNTER RESOURCES )
CORP., )
)
     Nominal defendant. )

**MEMORANDUM**

At Wilmington this 18th day of February, 2014 having reviewed defendants'

motion to transfer venue or in the alternative to dismiss or stay (D.I. 4), defendants'

supplemental motion to dismiss based on collateral estoppel (D.I. 25), and the papers

submitted in connection therewith; the court issues its decision based on the following

analysis:

1. **Background**. On June 18, 2013, plaintiff Mark Respler ("Respler"), a

shareholder of Magnum Hunter Resources ("Magnum Hunter"), filed a derivative

shareholder action alleging various breaches of fiduciary duty by defendants Gary C. Evans ("Evans"), J. Raleigh Bailes, Brad Bynum, Victor Carrillo, Stephen C. Hurley, Joe L. McClaugherty, Ron Ormand ("Ormand"), Steven Pfeifer, Jeff Swanson, Fred J. Smith and David Kreuger ("Kreuger") (collectively "defendants").  (D.I. 1)  Respler is a current shareholder and has owned shares of Magnum Hunter at all times relevant to the case at bar.  (D.I. 1 at ¶ 4)  Defendants are officers and directors of Magnum Hunter.  (*Id.* ¶ 6-17)  Magnum Hunter is a Delaware corporation, with principal executive offices in Houston, Texas.  (*Id.* ¶ 5)  This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

2.  **Standard of Review.**  Federal common law imposes on the State of Delaware a full-faith-and-credit requirement to give another State's federal judgment the same force and effect as it would be entitled to in that State's federal or state courts. Delaware law "requires our courts to afford the same respect to federal court judgments that the Full Faith and Credit Clause requires them to afford to judgments from other states."  *See Pyatt v. La. Mun. Police Emps.' Ret. Sys.*, 74 A.3d 612, 616-17 (Del. 2013) (applying California collateral estoppel law to determine preclusive effect of prior California federal court demand futility dismissal).

3.  Under Texas law, collateral estoppel bars the relitigation of identical issues of fact or law that were actually litigated and essential to the final judgment in a prior suit. *Tex. Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001).  To assert collateral estoppel, a party must establish that:  (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were

2

essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002).

4. **Analysis**. On December 20, 2013, the United States District Court for the Southern District of Texas (the "Texas court") dismissed a shareholder derivative complaint (the "Texas complaint") filed by a different shareholder, Joseph Vitellone ("Vitellone"). *Vitellone v. Evans et al.*, No. H-13-1887, 2013 WL 6806179 (S.D. Tex. Dec. 20, 2013) (the "Texas action"). The Texas action and the case at bar involve the same factual allegations against Magnum Hunter and the individual defendants. Not only do some of the paragraphs in Respler's complaint read directly on the Texas complaint (compare D.I. 1 at ¶ 28, with Civ. No. 13-1887, D.I. 1 at 9-10), Resper and Villatone quote the same excerpts from the SEC filings (compare D.I. 1 at ¶ 30, with Civ. No. 13-1887, D.I. 1 at 57). Notably, the Texas complaint includes more factual allegations than the case at bar.[1] The Texas action involved causes of action for breach of fiduciary duties and waste of corporate assets,[2] whereas Respler's complaint alleges breach of fiduciary duties, abuse of control, and waste of corporate assets.

5. The factual basis for Respler's abuse of control claim is that "[d]efendants abused their positions of authority by causing or allowing [Magnum Hunter] to misrepresent material facts regarding its internal controls and operations." (D.I. 1 at ¶ 58) Respler argues that his complaint "challenges the independence of Magnum

---

[1]Compare 34 pages for D.I. 1, with 70 pages for Civ. No. 13-1887, D.I. 1.

[2]As well as violation of section 14(A) of the Exchange Act and unjust enrichment.

3

Hunter's directors" based on their "entanglements and bad faith authorization of numerous related party transactions." (D.I. 27 at 3) However, the Texas complaint similarly challenged the directors' relationship with GreenHunter, as GreenHunter was founded by Evans and "closely affiliated" with Ormand and Krueger. (D.I. 25, ex. B at ¶ 51) The Texas court discussed the "close ties" between GreenHunter, Evans and Ormand. *Vitellone*, 2013 WL 6806179, at *7.

6. Respler uses these same facts to support his breach of fiduciary duty cause of action, alleging that defendants "willfully ignor[ed] the obvious and pervasive problems with [Magnum Hunter]'s internal controls and practices and procedures." (D.I. 1 at ¶ 54) Moreover, Villatone used the same premise in the Texas action to support his breach of fiduciary duty contention, alleging that defendants "permitt[ed] the Company to issue false and misleading statements . . . and approv[ed] the statements described herein which were made during their tenure on the Audit Committee, which they knew or were reckless in not knowing contained improper statements and omissions." (Civ. No. 13-1887, D.I. 1 at ¶¶ 117-18) Indeed, all of Respler's causes of action are premised on the directors' breach of fiduciary duties. *Zoran Corp. Deriv. Litig.*, 511 F. Supp. 2d 986, 1019 (N.D. Cal. 2007) (applying Delaware law and dismissing claims for gross mismanagement and abuse of control because "these claims are often considered a repackaging of claims for breach of fiduciary duties instead of being a separate tort"); *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (plaintiff's claim for "abuse of control" is "premised on the defendants' alleged breach of their fiduciary duties").

7. Applying Texas and federal common law, courts have concluded that

4

"because shareholder derivative suits are brought on behalf of the corporation, 'it follows that the corporation is bound by the results of the suit in subsequent litigation, even if different shareholders prosecute the suits.'" *Hanson v. Odyssey Healthcare, Inc.*, C.A. No. 3:04- CV-2751-N, 2007 WL 5186795, at \*4-7 (N.D. Tex. Sept. 21, 2007) (quoting *In re Sonus Networks, Inc. S'holder Deriv. Litig.*, 499 F.3d 47, 64 (1st Cir. 2007)). While Respler was not a party to the Texas action, he is seeking recovery on behalf of Magnum Hunter. Respler also disputes that defendants and Magnum Hunter are "cast as adversaries" as they share representation. However, in derivative actions, there exists no conflict of interest between a corporation and individual director defendants at the motion to dismiss stage, therefore, a law firm may represent all defendants without impropriety. *Scattered Corp. v. Chi. Stock Exch., Inc.*, 1997 WL 187316, at \*6-8 (Del. Ch. Apr. 7, 1997), aff'd on other grounds, 701 A.2d 70 (Del. 1997), overruled on other grounds by *Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). Respler has offered no argument or evidence that Villatone was not adequately represented in the Texas action. *Henik ex rel. LaBranche & Co., Inc. v. LaBranche*, 433 F. Supp. 2d 372, 381 (S.D.N.Y. 2006) (noting that preclusion might not apply "where the plaintiff shareholder in the first action is alleged to have inadequately represented the interest of the shareholders").

8. The Texas court concluded, on the same facts as the case at bar, that Villatone "failed to allege with particularity legally sufficient reasons under Delaware law to excuse [him] from making a pre-suit demand upon Magnum Hunter's Board of Directors." *Vitellone*, 2013 WL 6806179, at \*24. For the reasons discussed above,

5

collateral estoppel applies to bar Respler from relitigating the same facts in the same procedural posture, i.e., Respler also failed to make a pre-suit demand upon Magnum Hunter's Board of Directors.

**9. Conclusion.** For the foregoing reasons, the court grants defendants' supplemental motion to dismiss (D.I. 25), therefore, defendants' motion to transfer venue or in the alternative to dismiss or stay (D.I. 4) is denied as moot. An order shall issue.

United States District Judge